United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 16-11934-mdc |
| Bernard Flanigan | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Jul 09, 2021 | Form ID: 3180W | Total Noticed: 8 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 11, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Bernard Flanigan, 109 Martha Drive, Levittown, PA 19054-2614 |
| 13721900 | + | Cavalry SPV I, LLC, Bass & Associates, P.C., 3936 E. Ft. Lowell Rd., Suite 200, Tucson, AZ 85712-1083 |
| 13699860 | + | Toyota Motor Credit Corporation, PO Box 9013, Addison, Texas 75001-9013 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: megan.harper@phila.gov | Jul 09 2021 23:12:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | | EDI: PENNDEPTREV | Jul 10 2021 03:13:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| smg | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Jul 09 2021 23:12:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| smg | + | Email/Text: usapae.bankruptcynotices@usdoj.gov | Jul 09 2021 23:12:00 | U.S. Attorney Office, c/o Virginia Powel, Esq., Room 1250, 615 Chestnut Street, Philadelphia, PA 19106-4404 |
| 13724208 | | EDI: CAPITALONE.COM | Jul 10 2021 03:13:00 | Capital One Bank (USA), N.A., PO Box 71083, Charlotte, NC 28272-1083 |
| 14199126 | | Email/Text: camanagement@mtb.com | Jul 09 2021 23:12:00 | Lakeview Loan Servicing, LLC, c/o M&T Bank, P.O. Box 840, Buffalo, NY 14240-0840 |

TOTAL: 6

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

District/off: 0313-2 | User: admin | Page 2 of 2
Date Rcvd: Jul 09, 2021 | Form ID: 3180W | Total Noticed: 8

Date: Jul 11, 2021          Signature:     /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 8, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| ANDREW F GORNALL | on behalf of Creditor Lakeview Loan Servicing  LLC agornall@kmllawgroup.com, bkgroup@kmllawgroup.com |
| BRAD J. SADEK | on behalf of Debtor Bernard Flanigan brad@sadeklaw.com  bradsadek@gmail.com;sadek.bradj.r101013@notify.bestcase.com |
| BRIAN CRAIG NICHOLAS | on behalf of Creditor Lakeview Loan Servicing  LLC bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com |
| MATTEO SAMUEL WEINER | on behalf of Creditor Lakeview Loan Servicing  LLC bkgroup@kmllawgroup.com |
| REBECCA ANN SOLARZ | on behalf of Creditor Lakeview Loan Servicing  LLC bkgroup@kmllawgroup.com |
| THOMAS I. PULEO | on behalf of Creditor Lakeview Loan Servicing  LLC tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |
| WILLIAM C. MILLER, Esq. | on behalf of Trustee WILLIAM C. MILLER  Esq. ecfemails@ph13trustee.com, philaecf@gmail.com |
| WILLIAM C. MILLER, Esq. | ecfemails@ph13trustee.com  philaecf@gmail.com |

TOTAL: 9

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | Bernard Flanigan | Social Security number or ITIN   xxx–xx–2850 |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ |
| | | EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | Eastern District of Pennsylvania | |
| Case number: | 16–11934–mdc | |

# Order of Discharge                                                                                                                    12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Bernard Flanigan

7/8/21                                                                                         **By the court:** Magdeline D. Coleman
                                                                                                                    United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

Form 3180W                               **Chapter 13 Discharge**                               page 1

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**